Hon. Frank W. Bratt Chairman New York State Soil and Water Conservation Committee
You have asked several questions as to the status of the State Soil and Water Conservation Committee (Committee) in relation to the New York State Department of Agriculture and Markets (Department). First, you ask whether the Committee is an agency of the State separate from the Department. Also, you ask whether the Commissioner of the Department is authorized to amend or supersede any budgetary request by the Committee in the performance of its duties.
The Committee has been established "as an agency of this state which . . . shall exercise the functions conferred upon it" by State law (Soil and Water Conservation Districts Law, § 4[1]). For purposes of this provision, "[a]gency of this state" is defined as "the government of this state and any subdivision, agency, or instrumentality, corporate or otherwise, of the government of this state" (id., § 3[5]). This definition is a broad one applicable only to the provisions of the Soil and Water Conservation Districts Law. Constitutionally, it is clear that the Committee is not institutionally independent of the Department (NY Const, Art V, § 2). Under the Constitution, there may not be more than 20 civil departments in State government (ibid.). The Department of Agriculture and Markets is one of those 20 departments and the Legislature has placed the Committee within the Department. We reach this conclusion based upon the legislative statement that the Committee is established in the Department of Agriculture and Markets (Soil and Water Conservation Districts Law, § 4[1]).
In 1981 when the Committee was transferred from the New York State College of Agriculture and Life Sciences to the Department, the Legislature provided for employees of the Committee to be transferred and employed by the Department of Agriculture and Markets (L 1981, ch 343, § 4). It was further provided that all appropriations made to the College of Agriculture and Life Sciences were to be transferred for use and expenditure by the Department of Agriculture and Markets subject to the approval of the Director of the Budget (L 1981, ch 343, § 12). A Memorandum of Agreement between the Department and the Committee formalized basic understandings between the entities (Memorandum of Agreement, executed Sept. 2, 1981). The Agreement recognizes that all Committee staff are to be employed by the Department of Agriculture and Markets, with hiring and termination of Committee staff the responsibility of the Commissioner of Agriculture and Markets (id.,
§ II[C]). Your letter states that the Committee's budget request has always been part of the budget of the Department of Agriculture and Markets. We believe that this budgetary procedure stems from the status of the Committee within the Department of Agriculture and Markets and the fiscal controls given to the Commissioner of the Department in relation to the Committee.
Your question is whether the Department must pass through the Committee's budget request without modification. We believe that the Department may make changes in the Committee's budget but its authority in this regard is somewhat circumscribed. The law specifically provides that "[t]he administrative functions of such department . . . shall not operate or be applied in derogation of the powers of the committee, or of the free exercise thereof" as conferred by State law (Soil and Water Conservation Districts Law, § 4[1]). We believe that this statement by the Legislature was intended to preserve the independent powers and duties granted to the Committee under State Law. The Committee is empowered to adopt policy in carrying out soil and water conservation programs, to approve and coordinate the programs of local soil and water conservation districts and generally to assist local districts in carrying out programs authorized by law (id., § 4[4]). The Committee has numerous independent powers in relation to the conservation of soil and water resources (id., § 9). In reviewing the Committee's budget requests, the Department may not derogate the ability of the Committee to carry out responsibilities under State law.
We conclude that structurally the New York State Soil and Water Conservation Committee is within the New York State Department of Agriculture and Markets and the Committee's budget is a portion of the departmental budget. The Committee has been granted powers, however, that are to be exercised independently in relation to soil and water conservation. Thus, while the Committee's budget request is subject to review and modification by the Department, the capability of the Committee to perform its duties under State law must not be derogated.